EDWARD BERNHARDT V. WILLIAM D. LUKE, JAMES L. LUKE, JR., and JOSEPH C. LUKE, Executors under the Last Will and Testament of Bessie H. Luke, Deceased.

*(April* 13, 1956.)

CAREY, J., sitting.

*Irving Morris* (of Cohen and Morris) for plaintiff.

*John J. DeLuca* and *Joseph A. Julian, Jr.,* for defendants.

Superior Court for New Castle County, No. 376, Civil Action, 1955.

CAREY, J.:

At the time of her death, Bessie H. Luke was the owner of a parcel of land in Wilmington. By her will, she directed that this property be sold by her three executors, these defendants. They placed a sign on the property advertising it for sale through any broker. Plaintiff's employee, Mr. Matas, saw the sign and later talked with William Luke over the telephone. He was told that the price was $30,000. No other terms or conditions were mentioned. Not long thereafter, Matas delivered to Luke duplicate contracts for the sale of the property to a Mr. Frankel for $30,000, with a settlement date six months later and with a warranty against building restrictions. Luke told Matas that he would receive a phone call from his attorney, Mr. DeLuca. Luke then delivered the contracts to DeLuca. This all took place on April 12, 1955.

Between April 12th and April 19th, several conversations took place between DeLuca and Matas, but the latter was not told of any definite acceptance or rejection of the contract of sale. On April 19th DeLuca called Matas and stated that the executors had received an offer of $33,000 free of commissions, with a settlement date in June rather than October and, if Frankel was willing to meet these terms, the executors would give him prior consideration. DeLuca, in his deposition, states that he also told Matas that the warranty concerning building restrictions would have to be omitted, but Matas denies this statement. For present purposes, it must be assumed that Matas' version is correct and that DeLuca mentioned only the increase in price and the difference in date of settlement. In any event, Frankel declined to meet these terms and defendants sold the property to someone else.

The plaintiff claims a commission from the defendants upon the ground that he produced a buyer ready, willing, and able to buy the property upon the terms set by the sellers.

Ordinarily, an offer to sell for a certain figure means a cash sale, although there are cases holding that a cash trans-

action contemplates a reasonable time allowance for searching the title and drawing the necessary papers. See annotation in 18 *A. L. R.* 2d 382. I have found no instance, however, holding that six months is a reasonable time for this purpose. The contracts which Matas tendered to Luke contained a material variation in the terms of Luke's offer and amounted, in effect, to a counteroffer. Certainly, a buyer willing to settle six months from today is not one willing to make a cash settlement. It cannot be said, therefore, that plaintiff's agent produced a buyer ready, willing and able to purchase upon the terms and conditions laid down by the defendants. *Cf. Delaware Apartments v. John J. Monaghan Co.,* 6 *Terry* 75, 69 *A.* 2d 242.

Plaintiff contends, however, that this case should be governed by the principle that "where a seller refuses an offer to purchase land at the price he has set without stating the ground for his refusal, he cannot assert the ground in defense of the broker's action for compensation". He cites 156 *A. L. R.* 602. All of the cited decisions based upon this principle have been instances where the seller either gave no reason whatever for his refusal to complete the transaction or gave one reason and later in defense of a suit alleged another reason which was not mentioned to the broker at the time of refusal. That is not the situation here, for it is admitted that DeLuca expressly told Matas that the delayed settlement date was one reason for declining the counteroffer. The principle relied upon by plaintiff, therefore, has no application to this part of the case. The record does not justify the finding that Frankel's counteroffer was refused solely because of price; an alternative reason was the distant settlement date—a material and important factor. Even if we assume that nothing was said concerning the warranty as to building restrictions, defendants have stated a permissible valid defense, as to which there is no dispute of material fact.

Defendants' motion will be granted.